UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| DAVID GARLAND ATWOOD II, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-15-318-F |
| JOHN FOX, Warden, | ) | |
| Respondent.[1] | ) | |

## REPORT AND RECOMMENDATION

Petitioner David Garland Atwood III, a federal prisoner appearing pro se, filed a petition under 28 U.S.C. § 2241 (Doc. No. 1, "Petition"). United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). The matter is now before the court on a Motion to Dismiss for Lack of Jurisdiction (Doc. No. 9) filed by Respondent John Fox, Warden at the Federal Correctional Institution in El Reno, Oklahoma.

BACKGROUND

Petitioner is incarcerated at the El Reno Federal Correctional Institution. *See* Pet. at 1, 4. In his Petition, Petitioner asserts that in a June 2014 prison disciplinary proceeding at a federal facility in Massachusetts, Petitioner was improperly found guilty of a policy violation and "sanctioned to 27 days loss of good time, 15 days in disciplinary segregation and 90 days loss of visiting, commissary and phone privileges." *See* Pet. at

---

[1] Per the Court's Order of April 23, 2015, additional respondents were terminated as parties in this matter. Order, Doc. No. 5, at 1 n.1.

1-2 (citing Pet. Ex. 2, Doc. No. 1-1, at 1), 3-4.  Petitioner states that he appealed the decision to the Federal Bureau of Prisons' ("BOP") Northeast Regional Director and, after receiving an adverse decision, further appealed to the BOP's Central Office, which indicated that a response would be forthcoming by December 26, 2014.  *See* Pet. at 2-3; *see also* Pet. Exs. 3 to 7, Doc. No. 1-1, at 2-3.  As of February 20, 2015, Petitioner had received no response.  Pet. at 3.  Petitioner then commenced this habeas action on March 27, 2015.  Pet. at 1.  Other than requesting that the Court grant his Petition, Petitioner does not specify the relief that he seeks.  *See* Pet. 4.

Respondent has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the Petition for lack of subject-matter jurisdiction.  Resp't's Mot. to Dismiss, Doc. No. 9.  Specifically, Respondent asserts that on June 23, 2015, Petitioner's disciplinary conviction was expunged and Petitioner's 27 days of good-time credit were restored.  *Id.* at 1-2; *see also* Resp't's Mot. to Dismiss Ex. 1, Deborah Locke Decl., Doc. No. 9-1.  Respondent thus contends that the Petition is moot—thereby depriving the Court of a live case or controversy, as is required for the Court's subject-matter jurisdiction.  Resp't's Mot. to Dismiss at 1-2.  Although permitted to do so, *see* Order, Doc. No. 5, at 1, Petitioner did not respond to Respondent's Motion.  *See also* LCvR 7.1(g).

## ANALYSIS

A petition brought under 28 U.S.C. § 2241 challenges the execution of the petitioner's sentence, requiring the petitioner to establish that his detention violates the United States Constitution or other federal law, entitling him to a lesser confinement period or immediate release.  *See* 28 U.S.C. § 2241(c)(3); *McIntosh v. U.S. Parole*

*Comm'n*, 115 F.3d 809, 811-812 (10th Cir. 1997). Thus, a petition under § 2241 that challenges a prison disciplinary proceeding or sanction may seek relief only to the extent that the *duration* of the petitioner's confinement was adversely affected, such as through the loss of previously awarded good-time credits. *See McIntosh*, 115 F.3d at 811-812.

As noted, although Petitioner does not specify the relief sought in his § 2241 Petition, he complains of the loss of good-time credits, the imposition of "15 days in disciplinary segregation," and the loss of "90 days . . . of visiting, commissary and phone privileges." Pet. at 2. Only the first of these—the loss of good-time credits—is a matter that could affect the duration of Petitioner's confinement.

Respondent asserts and presents evidence that Petitioner's good-time credits have been fully restored. *See* Resp't's Mot. to Dismiss at 1-2; Deborah Locke Decl. Petitioner has not responded to that assertion or evidence. The time for doing so has passed, and the arguments in Respondent's Motion should be deemed confessed. *See* LCvR 7.1(g). Because the only relief available to Petitioner under § 2241, i.e., the restoration of good-time credits, has already been granted, the Court can no longer grant effective relief to Petitioner, and the matter has thus become moot. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990); *McIntosh*, 115 F.3d at 811-812. In such circumstances, the Court is deprived of subject-matter jurisdiction, requiring dismissal of the Petition. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" subject-matter jurisdiction is lacking); *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (noting mootness of claim

deprives court of subject-matter jurisdiction). Thus, Respondent's Motion to Dismiss for Lack of Jurisdiction should be granted.[2]

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 9) be granted.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by September 7, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 17th day of August, 2015.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[2] By presenting matters beyond the allegations contained in the Petition, Respondent's Motion to Dismiss presents a factual attack on the Court's subject-matter jurisdiction. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Although the undersigned has considered such extrinsic matters, Respondent's Motion need not be converted to one for summary judgment because "resolution of the jurisdictional question is [not] intertwined with the merits of the case." *See id.* at 1003. In any event, despite being given the opportunity to respond to Respondent's Motion, Plaintiff failed to do so or to otherwise dispute the assertion that his good-time credits have been restored.